UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO MEDINA-ORTIZ,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Officer Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; SIRCE OWEN, Acting Director of the Executive Office for Immigration Review (EOIR), U.S. Department of Justice; and PAM BONDI, Attorney General, U.S. Department of Justice,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-02819-DMS-MMP<br><br>**ORDER GRANTING PETITIONER'S HABEAS CORPUS PETITION** |

　　　Pending before the Court is Petitioner Leobardo Medina-Ortiz's Petition for Writ of Habeas Corpus and Request for Order to Show Cause Within Three Days ("Petition"). (Pet., ECF No. 1). Respondents filed a response in opposition, (Resp., ECF No. 4), and

1

Petitioner filed a traverse, (Traverse, ECF No. 5). The matter was submitted on the briefs under Civil Local Rule 7.1(d)(1). (ECF No. 6). For the following reasons, the Court grants the petition for a writ of habeas corpus.

## I. BACKGROUND

Petitioner, a Mexican national, entered the United States in or around 2007, without being admitted, paroled, or inspected. (Pet. ¶¶ 1, 30); (Resp. 1). On July 7, 2025, Petitioner was arrested by Immigration and Customs Enforcement agents. (Pet. ¶ 34). He has since been in Department of Homeland Security ("DHS") custody at the Otay Mesa Detention Center. (*See id.* ¶ 1). DHS charged Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a. (Resp. 1).

On July 28, 2025, an immigration judge ("IJ") conducted a bond redetermination hearing. (Pet. ¶ 4). The IJ found that because Petitioner had "been arrested in the interior pursuant to a warrant, not while arriving at the border," the IJ had jurisdiction under 8 U.S.C. § 1226(a) to conduct the hearing. (*Id.*). The IJ granted Petitioner release on a $1,500 bond. (*Id.*). DHS filed a Form EOIR-43 the next day, automatically staying the bond order pending review by the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 5). On October 22, 2025, the BIA granted DHS's appeal and vacated the IJ's bond order. (Resp. 1). The BIA's order rested on its new decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.*, Ex. A, at 3). The BIA reasoned that any individual who entered the United States without admission is an "applicant for admission" (meaning, an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)"), and must, therefore, be detained during removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*, Ex. A, at 2–3). Petitioner argues that this interpretation of § 1225(b)(2) is unlawful and that he was properly provided a bond hearing and granted release pursuant to § 1226(a). (Pet. ¶¶ 2–4). Petitioner remains detained under § 1225(b)(2). (Resp. 1).

The Petition asserts that Petitioner's detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (Pet. 8–9). Petitioner requests: (1) an order that Petitioner shall not be transferred outside the Southern District of California during the pendency of these proceedings; and (2) a writ of habeas ordering Respondents to release Petitioner on the $1,500 bond previously authorized by the IJ, or, alternatively, to conduct a new bond hearing. (*Id.*, Prayer for Relief, ¶¶ B, F). Petitioner also requests declarative relief that his detention violates the INA and the Fifth Amendment's Due Process Clause. (*Id.*, Prayer for Relief, ¶¶ D, E).

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.     DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Resp. 2–6). The Court finds, as previously decided, that neither statute bars jurisdiction. *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025).

Under § 1252(b)(9), "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). Claims that are "independent of or collateral to the removal process," including the legality of detention, fall outside the scope of § 1252(b)(9). *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (citation and internal quotations omitted); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). Petitioner

challenges his "continued detention" pursuant to § 1225(b)(2). (Pet. ¶ 8). Petitioner's detention may be during, but is nonetheless independent of, the removal proceedings.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez v. United States*, --- F.4th ----, 2025 WL 2461663, at *7 (9th Cir. Aug. 27, 2025). Petitioner is challenging the legality of his detention during the removal proceedings—not the legitimacy of the removal proceedings or any removal order. (Pet. 4–6, 8–9). Therefore, neither § 1252(b)(9) nor § 1252(g) limits the Court's jurisdiction in the present case.[1]

### B. Merits—INA's Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful. (Pet. ¶ 8). Petitioner contends that he instead falls under § 1226(a)'s discretionary detention framework (under which the IJ granted Petitioner release on a $1,500 bond). (*Id.* ¶ 4). Respondents maintain that Petitioner is properly detained under § 1225(b)(2). (Resp. 6). The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Petitioner argues that "seeking admission" "requires an affirmative act evidencing a request for

---

[1] Petitioner argues that "[e]xhaustion should . . . be excused in this case." (Pet. ¶ 6). However, because Respondents do not oppose this assertion, the Court does not, and need not, address exhaustion.

admission—such as presenting at the border for inspection or applying for admission or adjustment of status." (Traverse 6). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Resp. 8–9). However, Respondents' interpretation of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. Larose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "superfluous." (Pet. ¶ 29). Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL 2549431, at *6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission

into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)). Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[2]

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition.  This Court hereby **ORDERS** Respondents to release Petitioner from custody within 48 hours of this Order's filing, pursuant to the bond order issued by the IJ on July 28, 2025.[3]  The parties are **ORDERED** to file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner's release.  Further, in aid of the Court's jurisdiction, the Court **ORDERS** that Respondents are enjoined from re-detaining Petitioner during the pendency of his removal proceedings without prior leave of this Court.  28 U.S.C. § 1651.

**IT IS SO ORDERED.**

Dated:  October 30, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[2] In light of this determination, the Court declines to address Petitioner's arguments concerning the Fifth Amendment Due Process Clause.

[3] Because Respondents can no longer detain Petitioner, Petitioner's request that he shall not be transferred outside of the Southern District of California is **DENIED** as moot.